IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | |
| KENT COUNTY<br>Sussex County Courthouse<br>1 The Circle<br>Race and Market Streets<br>Georgetown, DE | : | No.  06-334 |
| and | : | |
| KENT COUNTY DEPARTMENT OF<br>PLANNING SERVICES<br>Kent County Administrative Complex<br>555 Bay Road<br>Dover, DE | : | |
| Defendants. | : | |

### COMPLAINT

New Cingular Wireless PCS, LLC ("Cingular" or "Plaintiff") asserts the following claims against Kent County (the "County") and the KENT COUNTY DEPARTMENT OF PLANNING SERVICES (the Department"):

### The Parties

1. Cingular is a limited liability company formed under the laws of the State of Delaware with a registered address of 2711 Centerville Road, Suite 400, Wilmington, Delaware, and its principal place of business at 15 E. Midland Avenue, Paramus, NJ 07652.

2. The County is a political subdivision of the State of Delaware located in Kent County, Delaware. As such, it is a citizen of Delaware.

535753.1 5/19/06

3. The Department is an instrumentality of the County created pursuant to 9 Del. C. §§ 6913 and 6917, with its principal place of business in Kent County, Delaware. As such, it also is a citizen of Delaware.

**Jurisdiction and Venue**

4. Jurisdiction over the subject matter of this action is founded upon: (a) 28 U.S.C. §§ 1331 and 1337, with respect to Count I, which is a dispute arising under the Telecommunications Act of 1996, 47 U.S.C. § 332(c); (b) 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in the District of Delaware under 28 U.S.C. § 1391(b), because the property affected is in, the acts complained of occurred in and the defendants are located in this district.

**Background**

6. Cingular provides personal communications services ("PCS") over a network of wireless telecommunications facilities, pursuant to a license from the Federal Communications Commission ("FCC"). PCS is a new generation of wireless technology that uses digital transmission to improve the quality, reliability and variety of communications services.

7. Under the Act and FCC regulations, Cingular operates its wireless telephone service for the general public as a common carrier.

**PCS Digital Technology**

8. Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and antennas mounted on towers, poles, buildings or other structures. The antennas feed the signal to electronic radio devices housed in equipment cabinets, where the signal is connected to telephone lines and then routed anywhere in the world.

An array of antennas and their equipment cabinets are commonly known as a cell site, and the surrounding area they serve is called a cell.

9. In order to provide continuous service to a PCS telephone user, there must be a series of overlapping cells in a grid pattern approximating a honeycomb. Otherwise a PCS telephone user could not have an uninterrupted conversation when traveling throughout a given territory. If the user enters an area that is not within a functioning cell, the customer will experience unreliable service including frequent inability to place or receive calls, dropped calls, and interrupted, inaudible or unintelligible communications.

10. Cingular's engineers use complex computer programs to complete a propagation study, which shows where a cell site needs to be located within a cell, based on the boundaries of the cell, the topography of the land, physical obstructions and other factors.

11. In order for the entire system to be operational, there must be enough cells with properly placed cell sites installed and functioning so that complete coverage can be realized. Because of the low power of portable telephones, the distance from such a telephone to a cell site needs to be relatively short, often less than two miles. Only when the entire system is operational will a PCS telephone user have uninterrupted service while traveling throughout a given territory.

**The Signal Gap & The Monopole**

12. Within this area of Kent County, along Route 8 to the west and north of Dover, DE, there is a significant gap in coverage. In order to provide PCS telephone service to these areas, Cingular proposed to erect a telecommunications monopole ("Monopole") on certain lands of Myron T. and Beverly H. Steele located at 2898-2998 W. Dennys Road, Dover, DE. The Monopole would consist of a 140 foot high cylindrical steel pole containing an array of antennas

at the top, connected to equipment cabinets which would be located at the base of the Monopole. The Monopole is the least intrusive means of closing a significant coverage gap.

13.    The Monopole would be located in an "AR" (Agricultural/Residential) Zoning District. Such facilities are permitted pursuant to a Special Use Exception, under Section 205-360 of the Kent County Code (the "Code"), where the Monopole proposed to be erected will be located in a residential zoning district.

### Cingular's Application Is Rejected

14.    On April 11, 2006, Cingular filed an application with the Department requesting a Special Use Exception to erect the Monopole (the "Application").

15.    The Department rejected the Application by letter dated April 19, 2006 (the "Rejection Letter"), stating that "the subject site for for the proposed telecommunications tower fails to meet the location requirement set out in §205-360 (A)(1)(a)(4) of the Kent County Code...Specifically, the proposed tower could not be positioned on the parcel in such a manner as to be 1,000 feet from all property lines and still maintain a distance of 1,500 feet from any dwelling located on adjoining property." A true and correct copy of the Rejection Letter is attached hereto as Exhibit A.

### The Telecommunications Act of 1996

16.    In 1996, Congress passed the Telecommunications Act of 1996 (the "Act"), Pub. L. No. 1040104, 110 Stat. 56, codified throughout Title 47 of the U.S. Code. The goal of the Act is to "provide a pro-competitive, deregulatory national policy framwork designed to accelerate rapidly private sector development of advanced telecommunications and information technologies and services...by opening all telecommunication markets to competition...." H. R. Conf. Rep. No. 104-458, at 206 (1996).

17. Section 704 of the Act governs federal, state and local government oversight of the placement and erection of "personal wireless service" facilities such as the Monopole that was the subject of Cingular's Application. The Act provides in pertinent part as follows:

> (i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof --
>
> \* \* \*
>
> (II) Shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
> \* \* \*
>
> (iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.
>
> \* \* \*
>
> (v) Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

47 U.S.C. § 332(c)(7)(B).

## COUNT I -
## TELECOMMUNICATIONS ACT

18. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 17 above.

19. The Rejection Letter written by the Department does not comply with the Act, nor did the Department convene a hearing or otherwise develop a written record against which the Application could be considered.

20. The Rejection Letter violated Section 704 of the Act because the Decision is not supported by substantial evidence in a written record, contrary to 47 U.S.C. § 332(c)(7)(B)(iii).

21.     The County and the Department violated Section 704 of the Telecommunications Act of 1996 because the denial of Cingular's Application had the effect of prohibiting the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(i).

## COUNT TWO -
## PREEMPTION-COMMERCE CLAUSE

22.     Plaintiff repeats and incorporates herein by reference paragraphs 1 through 21 above.

23.     In the Act, Congress created a statutory framework under which the provision of PCS is regulated. The Act proscribes any action by a State or local government entity that prohibits the provision of personal wireless services.

24.     The Act further requires that any decision of a State or local government entity denying an application "shall be in writing and supported by substantial evidence contained in a written record."

25.     Section 205-360 (A)(1)(a)(4) the Code requires installation of a monopole "in such a manner as to be 1,000 feet from all property lines and still maintain a distance of 1,500 feet from any dwelling located on adjoining property." The Department used Section 205-360 (A)(1)(a)(4) to avoid the specific duties imposed on it in Section 332(c)(7)(B). Section 205-360 (A)(1)(a)(4)'s imposition of fixed and arbitrary restrictions on the construction of monopoles, in derogation of the policies and standards for the provision of PCS embodied in the Act, is preempted by the Act.

26.     Section 205-360 (A)(1)(a)(4) of the Kenty County Code violates Article I, Section 8 of the Constitution of the United States, as it imposes an unreasonable burden on interstate commerce in relation to the putative local benefit.

## COUNT THREE -
## DUE PROCESS

27.     Plaintiff repeats and incorporates herein by reference paragraphs 1 through 26 above.

28.     The Act requires that any action by a State or local government denying an application to place, construct, or modify personal wireless service facilities "shall be in writing and supported by substantial evidence contained in a written record."

29.     The County and the Department used Section 205-360 (A)(1)(a)(4) to avoid the specific requirements of Section 332(c)(7)(B). The refusal to allow Cingular to present its application, develop a record on which the application could be meaningfully and properly evaluated and to convene a hearing on that application denied Cingular its substantive and procedural due process rights.

WHEREFORE, Cingular respectfully requests this Court find Section 205-360 (A)(1)(a)(4) invalid and unconstitutional, reverse the Rejection Letter, remand the matter to the County and the Department for development of a written record and a full hearing on Cingular's Application consistent with the Act.

SAUL EWING LLP

Michael Bonkowski, Esquire (No. 2219)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6863
Facsimile: (302) 421-5869
mbonkowski@saul.com

Attorney for Cingular Pennsylvania, LLC

DATED: May 19, 2006

# **EXHIBIT A**




# Kent County

## Department of Planning Services
### Division of Planning

MICHAEL J. PETIT de MANGE, AICP
Director

SARAH E. KEIFER, AICP
Division Head

PHONE 302/744-2471
FAX 302/736-2128

April 19, 2006

Ms. Pamela J. Scott
Saul Ewing Attorneys at Law
P.O. Box 1266
Wilmington, DE 19899-1266

Re: Application of Cingular for Conditional Use and
    And Site Plan Approval – 2898-2998 W. Dennys Road, Dover, DE

Dear Pam,

Enclosed please find the Application for Conditional Use Site Plan approval, the check which was submitted in the amount of $636.00, the copy of the site plan, and the Engineer's Report which accompanied your letter of April 11, 2006. These items are being returned to your office since the subject site for the proposed telecommunications tower fails to meet the location requirements set out in §205-360 (A) (1) (a) (4) of the Kent County Code.

Specifically, the proposed tower could not be positioned on the parcel in such a manner as to be 1,000 feet from all property lines and still maintain a distance of 1,500 feet from any dwelling located on adjoining property. If you have any questions regarding this matter, please feel free to contact this office.

Sincerely,

J. Kelly Crumpley
Planner II

Encl.
cc: Michael J. Petit de Mange
    Director of Kent County Planning Services

KENT COUNTY
ADMINISTRATIVE COMPLEX
555 Bay Road, Dover, DE 19901
(Handicapped Accessible)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
New Cingular Wireless PCS, LLC

**DEFENDANTS**
Kent County and Kent County Department of Planning Services

(b) County of Residence of First Listed Plaintiff: NEW CASTLE, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Kent
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (Firm Name, Address, and Telephone Number) Chad J. Toms
Saul Ewing LLP, 222 Delaware Avenue, Suite 1200, P.O. Box 1266
Wilmington, DE 19899-1266   (302) 421-6863

Attorneys (If Known)  06-334

## I. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damages Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 860 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (Specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
**47 U.S.C. Section 332(c), Telecommunications Act of 1996**

Brief description of cause: **Challenge to local government action prohibiting provision of wireless services through denial of installation of monopole**

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 19, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06cv 334__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__5/19/06__  
(Date forms issued)

__/s/ Marcus L. Johnson__  
(Signature of Party or their Representative)

__Marcus L. Johnson__  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action